IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CV-195-FL

| | |
|---|---|
| JOHANNA A. TOWNSEND, Executrix of the ESTATE OF GREGORY PAUL TOWNSEND, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF FAYETTEVILLE, THE CITY OF FAYETTEVILLE POLICE DEPARTMENT, OFFICER BOBBY CASH, individually and in his capacity as a Police Officer for the City of Fayetteville, OFFICER HEATHER NAPIERALSKI, individually and in her capacity as a Police Officer for the City of Fayetteville, and TOM BERGAMINE, in his capacity as former Chief of Police for the City of Fayetteville, <br><br> Defendants. | ORDER |

This matter comes before the court on defendant City of Fayetteville Police Department's ("FPD") motion to dismiss all claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 14). Plaintiff has not responded, and the time in which to do so has expired. In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants defendant FPD's motion to dismiss.

**STATEMENT OF CASE**

On February 12, 2013, plaintiff filed complaint against defendants City of Fayetteville, FPD, Officers Bobby Cash and Heather Napieralski both individually and in their capacities as police

officers for the City of Fayetteville, and former Chief of Police for the City of Fayetteville Tom Bergamine in Cumberland County Superior Court, alleging that plaintiff's decedent, Gregory Paul Townsend was wrongfully shot and killed by police during a traffic stop and arrest. Plaintiff asserts claims against defendants for negligence, infliction of emotional distress, and for violations of 42 U.S.C. § 1983. Defendants removed the case to this court on March 20, 2013. On March 25, 2013, defendant FPD filed the instant motion to dismiss arguing that it is not an entity with the capacity to sue and be sued.

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated, "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

Federal Rule of Civil Procedure 17(b) provides that state law determines when a governmental agency has the capacity to be sued in federal court. Fed. R. Civ. P. 17(b)(3); see also

Avery v. Burke, 660 F.2d 111, 113-14 (4th Cir. 1981) ("The capacity of a governmental body to be sued in the federal courts is governed by the law of the state in which the district court is held."). Under North Carolina law, a police department is not an independent legal entity with the capacity to sue and be sued. See Parker v. Bladen County, 583 F.Supp. 2d 736, 740 (E.D.N.C. 2008) (sheriff's department not an entity capable of being sued under North Carolina law); Hill v. Robeson Cnty., N.C., 733 F. Supp. 2d 676, 690 (E.D.N.C. 2010) (same); Moore v. City of Asheville, NC, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003) (police department did not have capacity to be sued under North Carolina law). Accordingly, under state law, defendant FPD is not a legal entity capable of being sued. Therefore plaintiff's claims against defendant FPD must be dismissed.

## CONCLUSION

For the foregoing reasons, defendant FPD's motion to dismiss (DE 14) is GRANTED.

SO ORDERED, this the 21st day of May, 2013.

_____
LOUISE W. FLANAGAN
United States District Judge