UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:13-cv-195-FL

| | |
|---|---|
| JOHANNA A. TOWNSEND, Executrix of the ESTATE OF GREGORY PAUL TOWNSEND, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF FAYETTEVILLE, THE CITY OF FAYETTEVILLE POLICE DEPARTMENT, OFFICER BOBBY CASH, individually and in his capacity as a Police Officer for the City of Fayetteville, OFFICER HEATHER NAPIERALSKI, individually and in her capacity as a Police Officer for the City of Fayetteville, and TOM BERGAMINE, in his capacity as former Chief of Police for the City of Fayetteville, <br><br> Defendants. | **STIPULATION AND CONSENT PROTECTIVE ORDER** |

Defendants the City of Fayetteville, Officer Bobby Cash, individually and in his capacity as a Police Officer for the City of Fayetteville, Officer Heather Napieralski, individually and in her capacity as a Police Officer for the City of Fayetteville, and Tom Bergamine, in his capacity of former Chief of Police for the City of Fayetteville, (hereinafter referred to as "Defendants"), by and through their undersigned counsel and the North Carolina State Bureau of Investigation (hereinafter referred to as "SBI"), by and through its undersigned counsel, stipulate to the entry of this consent order allowing release of SBI Case File No. 2011-02494 (1081) to counsel for the Defendants, pursuant to N.C. Gen. Stat. § 132-1.4.

1

Counsel for the Defendants and counsel for the SBI further stipulate and agree to the following statements of fact which authorize this court's entry of the consent order:

1. Defendants request the SBI investigative file to assist in their defense of the lawsuit filed by the Plaintiff.

2. The SBI file material is relevant to the subject matter involved in the case before this court.

3. Counsel for the SBI has discussed the proposed dissemination with the Special Agent in charge of the investigation, and that agent has no objection to releasing said material.

4. Counsel for the SBI, after reviewing this file, has determined that he has no objections to turning over the material requested to the Defendants in response to their request for the following reasons:

    A. No policy reason exists for denial of the request of the Defendants for production of these materials;

    B. There is no prejudice to the SBI by releasing this material;

    C. There are no identities of persons contained in the materials which need to be protected;

    D. Any criminal investigation which might have been the subject of this file has been concluded with no criminal charges presently pending; and

    E. The interest of the State of North Carolina is not prejudiced in any way by the release of these materials to the counsel for the Defendants.

5. Except as may be otherwise provided by further order of the Court, documents contained within the SBI file shall be used for no purpose other than prosecuting or defending this action and shall be disclosed only to the persons identified in Paragraph 6 below.

2

1721216 v1

Case 5:13-cv-00195-FL   Document 23   Filed 07/25/13   Page 2 of 6

6. Access to and the use of any documents, or any part thereof, designated as part of the SBI file shall be limited to:

    A. the Court;

    B. the parties and attorneys of record for the parties;

    C. court-appointed mediators;

    D. consultants and technical experts involved in the preparation of this action;

    E. court reporters, their transcribers, assistants, and employees;

    F. any potential or actual deposition or trial witness to the extent that it is necessary to tender to such witness as an exhibit a confidential documents in order to elicit testimony relevant to the matters at issue in this case; and

    G. the jury.

7. Counsel may make copies of the SBI file materials for Plaintiff or Defense experts upon receiving from said experts a written agreement that they will be bound by the terms of this Protective Order. The requirement of obtaining such an agreement shall be satisfied by having each of the Plaintiff or Defense experts read, acknowledge, and agree in writing to be bound by this Protective Order. A file of all such written acknowledgments shall be maintained by Plaintiff or Defense counsel. By signing the declaration agreeing to be bound by this Protective Order, each of the Plaintiff or Defense experts submits himself or herself to the jurisdiction of this Court for purposes of enforcement of this Protective Order.

8. Individuals who are permitted access to the SBI materials pursuant to Paragraph 7 are hereby ordered not to show, convey, or reproduce any documents so designated or parts

thereof, or copies thereof, of any matter contained therein, or any extracts or summaries thereof, to any individual, or to any entity that would not otherwise have access to said documents under the provisions of this Protective Order.

9. Any document designated part of the SBI file and filed with the Court, and any brief referring to such document shall be kept by the Clerk under seal and shall be made available only to Plaintiff, Defendants, and/or persons authorized by the terms of this Protective Order to have access thereto. The party filing any such document shall be responsible for designating to the Clerk that it is subject to this Protective Order and is to be kept under seal.

10. At the conclusion of this litigation, each document produced by the SBI and subject to this Protective Order shall be returned to the SBI for destruction.

SO ORDERED, this the ____25th____ day of ____July____, 2013.

**Approved by:**

_____   _____July 25, 2013_____
U.S. DISTRICT COURT JUDGE             Date
Eastern District North Carolina

**AGREED TO BY:**

/s/ Dan Hartzog Jr. for John Watters
JOHN WATTERS
State Bar No. 9024
North Carolina State Bureau of Investigation
Post Office Box 29500
Raleigh, North Carolina 27626
*Legal Counsel for the North Carolina*
*State Bureau of Investigation*


/s/ Dan Hartzog Jr.
DAN HARTZOG, JR.
State Bar No. 35330
E-mail: dhartzogjr@cshlaw.com
DAN M. HARTZOG
State Bar No. 5648
E-mail: dmh@cshlaw.com
KARI R. JOHNSON
State Bar No. 16033
E-mail: krj@cshlaw.com
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: (919) 828-5100
Facsimile: (919) 828-2277
*Attorneys for Defendants*


/s/ Karen M. McDonald
KAREN M. McDONALD
State Bar No. 20573
City Attorney
City of Fayetteville
Post Office Box 1513
Fayetteville, North Carolina 28302
Telephone: (910) 433-1985
Facsimile: (910) 433-1980
E-mail: kmcdonald@ci.fay.nc.us
*Attorney for Defendants*

5

/s/ J. Stewart Butler III
J. STEWART BUTLER III
State Bar No. 12887
Anderson, Johnson, Lawrence & Butler, L.L.P.
Post Office Drawer 2737
Fayetteville, North Carolina 28302
Telephone: (910) 483-1171
Facsimile: (910) 483-5005
E-mail: jsbutler@andersonjohnson.com
*Attorneys for Plaintiff*


/s/ Andrew R. Dempster
ANDREW R. DEMPSTER
State Bar No. 13473
Smith Dickey Dempster Carpenter Harris & Wright PA
Post Office Drawer 209
Fayetteville, North Carolina 28302
Telephone: (910) 484-8195
Facsimile: (910) 484-9333
E-mail: Andrew@SmithDickey.com
*Attorneys for Plaintiff*