UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

Civil Action No.: 5:13-cv-195-FL

| | |
|---|---|
| JOHANNA A. TOWNSEND, Executrix of the ESTATE OF GREGORY PAUL TOWNSEND, Deceased, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF FAYETTEVILLE, THE CITY OF FAYETTEVILLE POLICE DEPARTMENT, OFFICER BOBBY CASH, individually and in his capacity as a Police Officer for the City of Fayetteville, OFFICER HEATHER NAPIERALSKI, individually and in her capacity as a Police Officer for the City of Fayetteville, and TOM BERGAMINE, in his capacity as former Chief of Police for the City of Fayetteville, <br><br> Defendants. | **<u>STIPULATED CONSENT PROTECTIVE ORDER</u>** |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of counsel, and deeming it just and proper to do so, the Court enters the following Order:

This case arises out of an incident in which Defendant Officer Bobby Cash ("Officer Cash") used deadly force against Plaintiff's decedent, Gregory Paul Townsend ("Townsend"). On or about November 17, 2011, Townsend was pulled over by Officer Cash after Townsend crossed over the median of Bragg Boulevard. (Compl. ¶ 10). During the course of the stop, it was discovered that Townsend had a revoked driver's license. (Compl. ¶ 16). Officer Heather Napieralski ("Officer Napieralski") arrived on the scene approximately twenty-two minutes after the initial stop. (Compl. ¶ 14). After discussing the matter, Officers Cash and Napieralski made a

1

decision to place Townsend under arrest. (Compl. ¶ 18). As the officers attempted to place Townsend under arrest, a struggle ensued between Officer Cash and Townsend. (Compl. ¶ 24). During the course of the struggle, Officer Cash drew his weapon and shot Townsend. (Compl. ¶ 26). Townsend was transported to the hospital, where he died ten days later. (Compl. ¶ 28).

Plaintiff filed this lawsuit on February 12, 2013, and asserts claims of negligence, negligent and intentional infliction of emotional distress, and violations of 42 U.S.C. § 1983, including failure to train and supervise and use of excessive force. It is anticipated that the discovery exchanged in this matter will involve personnel records of Officers Bobby Cash and Heather Napieralski made confidential pursuant to N.C. Gen. Stat. § 160A-168, as well as information which constitutes criminal investigation materials made confidential by N.C. Gen. Stat. § 132-1.4

This Order governs the handling and disclosure of all materials produced, given or filed herein by the parties and designated as "CONFIDENTIAL." For purposes of this Order, CONFIDENTIAL INFORMATION includes, but is not limited to, confidential personnel information pursuant to N.C. Gen. Stat. § 160A-168 and confidential information regarding criminal investigations pursuant to N.C. Gen. Stat. § 132-1.4.

**WHEREFORE, IT IS HEREBY ORDERED that:**

1. "CONFIDENTIAL INFORMATION" as used herein means:

    a. All information and documents made confidential by N.C. Gen. Stat. § 160A-168;

    b. Any documents or information which are contained in a personnel file maintained by any party; and

   c. All information and documents made confidential by N.C. Gen. Stat. § 132-1.4.

  2. The documents and information produced by the parties that contain confidential information shall be marked "CONFIDENTIAL" by the parties. The confidential documents shall be disclosed only for official use in this action, and for no other purpose.

  3. The CONFIDENTIAL INFORMATION shall not be otherwise reviewed, disclosed or released to anyone other than:

  (A) The Court;

  (B) Counsel for the parties to this action, their legal assistants and other staff members and employees;

  (C) Experts or consultants retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial of this action;

  (E) Court reporters or videographers engaged to record depositions, hearings or trials in this action; and

  (F) Outside companies engaged by counsel for the parties to photocopy such documents.

  4. Disclosure of CONFIDENTIAL INFORMATION pursuant to this Order shall be handled as follows:

  a. Any person described in subparagraphs 3(A), (B), (C) (D), (E) and (F) of this Order is bound by the provisions of this Order without the necessity of executing a separate confidentiality agreement;

  b. Prior to making disclosures to any person set forth in subparagraph 3(C) of this Order, the party disclosing the CONFIDENTIAL INFORMATION shall inform

3

any persons to whom disclosure is made that CONFIDENTIAL INFORMATION shall be used for the purposes of the prosecution or defense of this action only, and that said person shall be bound by the terms of this Order and shall execute an Agreement to be bound by the this Order. The parties shall obtain from such persons a written statement in the form of <u>Exhibit A</u>, attached hereto. A record of all persons to whom disclosures are made shall be kept and all the written statements signed by those persons shall be retained in the possession, custody, and control of counsel by whom the person is retained. All CONFIDENTIAL INFORMATION, and any documents containing information derived therefrom, including copies of such documents, shall be returned to counsel by persons given access to them as soon as practicable.

5. The production or disclosure of CONFIDENTIAL MATERIALS pursuant to the terms of this Order by the producing party shall not be construed as prohibiting or restricting the use of CONFIDENTIAL INFORMATION during depositions, any hearing, the trial of this matter, or any appellate proceeding. Similarly, no party shall be deemed to have waived any objections as to the relevancy, admissibility, discoverability or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

6. No CONFIDENTIAL DOCUMENTS produced pursuant to this Order shall be used for any purpose other than for relevant and proper conduct of this litigation.

7. If any such confidential documents are used in connection with a deposition or other discovery or documents filed with the court, or are quoted or referenced in any memorandum, pleading or other paper filed with the court, the deposition transcript, filing or

4

Case 5:13-cv-00195-FL   Document 27   Filed 10/10/13   Page 4 of 8

paper shall be submitted to the court with a request that the document be placed under seal and appropriately marked to indicate that the transcript, filing or paper is subject to the terms of this Order, or redacted so as to eliminate sensitive personal information.

8. The designation of documents or information as "CONFIDENTIAL INFORMATION" shall not be conclusive for purposes of the substantive issues in this case. In addition, any party is entitled to challenge, through an appropriate Motion to the Court, any designation herein by any other party at any time during this litigation.

9. The inadvertent, unintentional or <u>in camera</u> disclosure of confidential documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

10. Within fifteen (15) days after the entry of final judgment or dismissal in this litigation (including appeals or petitions for review), the parties' counsel, their staff, and all experts and/or consultants for the parties shall return all confidential documents produced pursuant to this Order (including all xeroxed copies of the same) to the party producing said documents or shall destroy the same with a written certification by the party's counsel of record that all such documents and copies of the same have, in fact, been returned or destroyed; provided, counsel shall be permitted to maintain such documents for their case files, which shall continue to be subject to the terms of this Order.

11. Each person who receives CONFIDENTIAL INFORMATION submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

12. Any objections made to discovery requests shall be accompanied by a draft proposed Protective Order if such Order is, or will be, requested. When counsel submits

5

proposed Protective Orders, they shall include a provision leaving the ultimate disposition of protected materials subject to a final Order of the Court on the completion of litigation.

13. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

WE CONSENT:

This the 8th day of October, 2013.

/s/ J. Stewart Butler, III
Anderson, Johnson, Lawrence & Butler, LLP
Post Office Drawer 2737
Fayetteville, NC 28302-2737
Telephone: 910-483-1171
Facsimile: 910-483-5005
E-mail: jsbutler@andersonjohnson.com
Attorneys for Plaintiff

/s/ Dan M. Hartzog Jr.
N.C. State Bar No. 35330
E-mail: dhartzogjr@cshlaw.com
Dan M. Hartzog
N.C. State Bar No. 5648
E-mail: dmh@cshlaw.com
Cranfill Sumner & Hartzog LLP
Post Office Box 27808
Raleigh, NC 27611-7808
Telephone: 919-828-5100
Facsimile: 919-828-2277
Attorneys for Defendants

6

So ordered this the 10th day of October, 2013.

_____
UNITED STATES DISTRICT COURT JUDGE

# **EXHIBIT A**

The Undersigned acknowledges that she/he has read the Protective Order entered by the Court dated _____, 2013, understands the terms thereof, and agrees to be bound by such terms. The undersigned hereby acknowledges that she/he is subject to the jurisdiction of the United States District Court, Eastern District of North Carolina, with regard to this Protective Order and understands (1) the violation of the Order shall subject the offender to such penalties, damages and other relief as may be permitted by law, and (2) that the jurisdiction of the Court regarding this Order survives any settlement, discontinuance, dismissal, judgment, or other disposition of this action.

_____
(Date)


_____
(Signature)

Subscribed and sworn before me,
this \_\_\_\_ day of _____, 2013.


_____
NOTARY PUBLIC

My commission expires: _____

8

Case 5:13-cv-00195-FL   Document 27   Filed 10/10/13   Page 8 of 8